Four argued cases this morning. The first of these is number 15-729 Robinson v. McDonald. Mr. Carpenter. The police of court, Kent Carpenter, appearing on behalf of Mr. Jackie Robinson. This appeal concerns the legal standard required by the use of the phrase to secure or follow a substantially gainful occupation as used in the provisions of 38 CFR 4.16A. The veterans court erred by affirming the board's use of this incorrect legal standard. The VA, in a joint motion for remand in the previous proceeding in this case below, indicated that the board had not addressed whether or not the appellant was able to secure or follow a substantially gainful occupation, but rather had focused largely on whether or not the appellant was unable to work. In the decision on appeal, the legal standard used by the board to determine whether or not Mr. Robinson was unemployable was whether or not, due to his service-connected disabilities, he was unable to obtain or sustain gainful employment. The inability to obtain or sustain gainful employment is not the legal standard under 4.16. But the board also articulated the correct standard, didn't it? Well, it wrote the correct legal standard. In my view, it did not rely upon it, and in fact, when you look at what the board did in explaining itself, it said that the VA will grant a total rating for compensation purposes based on unemployability when the evidence shows that a veteran is precluded by reason of a service-connected disability from obtaining or maintaining any form of gainful employment consistent with his education and occupational experience, and then cited to three regulations, including 4.16. That standard of any form of gainful employment is not the standard in any of those regulations. The standard in all three of those regulations is to secure or follow substantial gainful occupation. But the Veterans Court said that it was looking at the board's decision as a whole. I mean, is your complaint really that the board didn't apply the correct standard or that it went back and forth in terms of its phrasing, sometimes using shorthand that you think reflected the wrong standard? Well, Your Honor, in our view, they consistently used the wrong standard. Now, whether they went back and forth, as the court below found, I don't think they went back and forth. They simply noted the correct standard in two specific places in their decision, but when they went to apply the standard, they articulated the wrong legal standard. At page 116 to 117 of the joint appendix, the board concluded that the preponderance of the evidence is against the finding that the veteran was unable to obtain or sustain gainful employment. But didn't at JA 116 they said three times, no less than three times, they referred to the standard as substantially gainful employment, substantially gainful? And the point is, Your Honor, they referred to it. They did not apply it. How do we know that? Is it by looking at the application of law to fact? No, by looking at what they articulated the standard to be. And in two specific places in this decision, they identified the wrong legal standard. And if they identified the wrong legal standard, then it was up to the veterans court to tell the board to do it over again using the correct legal standard in a decision in which there is no ambiguity about what legal standard was to be applied. Are you familiar with our decision in Lechleiter? In Lechleiter, we said it was a similar situation where at one point the board used the phrase gainful employment as shorthand and then later used substantially gainful employment several times. And this court held that it was okay for the board to use the shorthand affirming the veterans court's decision. I'm sorry, Your Honor. I am at a complete loss for the case Lechleiter. But the case where I recall that this court looked at that, the language was much similar to and did not, as they did in this case, use the phrase unable to obtain or sustain gainful employment. And the difference is, is that under 4.16a, the regulation allows for the veteran to actually be employed. He can be employed. He can have a form of employment. But it must not be substantially gainful employment. And therefore, when they use terms like obtain and sustain substantial gainful employment, it raises that bar to a different level than what is intended by the regulation. The regulation clearly provides that a veteran is capable of even earning more than marginal employment if that veteran is earning that in a sheltered environment. But you might have an argument if all the board had done was to mention the correct standard in one place and then when it got to analyzing the facts, used an incorrect standard. But your problem is, I think as Judge Stoll has pointed out to you at page 116, two of the times that they used the correct standard are with respect to the facts of this case in finding that he could function as a truck driver or as a repairman. They used the correct standard in finding that the evidence showed that he could secure and maintain substantially gainful employment. Except that the problem is they did not apply it in the pertinent period in this case. He did not work during the pertinent period in this case from 1996 to 2001 in either of those professions. Well, he doesn't have to actually work in the professions, right? Finding that he could have worked and that he had the capability to work in those professions and to obtain and secure substantially gainful employment is all that's required, right? Yes, but there must be an evidentiary basis for it in the record. And there is no evidentiary basis for it in the record. That's a different argument. Well, no, Your Honor. I'm responding to your question as to whether or not they could apply the standard by simply saying that he's capable of working. They cannot apply the standard under 416 because they have to show that he was, in fact, working at a substantially gainful occupation. But doesn't that require that he be working, does it? That's not the test. It's that he could have worked at a substantially gainful employment. With respect, Your Honor, I disagree. In this record— That's yet another argument. So what you're arguing now is that unless he actually has substantially gainful employment, he satisfies the test, even though he could have maintained substantially gainful employment. With respect, Your Honor, I'm trying to respond both to your question and to the evidence of record in this case. The evidence of record in this case is that during the pertinent period, he had no employment. And his lay testimony was, which was part of the reason this was sent back to the Board for the second time, was that he was unable to work due to his service-connected disabilities. But the Board found that he wasn't credible, and the Veterans Court affirmed that finding. I mean, those are applications of fact to law that we can't disturb. That's correct. But when we're talking about the legal issue that you present, everyone agrees what the standard is, right? Substantially gainful employment, correct? Well, to secure and follow substantial gainful occupation, yes. Okay. But your argument in your brief here was that they referred to gainful employment as opposed to substantially gainful. Well, and to obtain and sustain that, to be able to keep it, and that is part of the colloquy with Judge Dyke is that the regulation does not require them to be capable of sustaining it, but to follow it by affirmative evidence in the record. You've never made this argument in any of your briefs. Because the argument... You didn't make it to the Veterans Court. It wasn't made to the Veterans Court, and you haven't made it to us before today. Because the argument we relied upon was the use of the wrong legal standard, that Mr. Robinson, when he went back on remand, did not get the benefit of the court-ordered remand that was agreed upon by the government to go back and look at it under the correct legal standard. Right. But your problem is the Veterans Court assessed the board's opinion and said they actually applied the correct legal standard and then said under that correct legal standard we affirmed their factual conclusions, which included the finding that he wasn't credible. So how can we disturb that? The Veterans Court said the correct legal standard was applied. Because the correct legal standard wasn't applied, and I have pointed to two specific points in the decision in which it was not applied. And when, in my view, there is an ambiguity about what the board was doing in applying the legal standard in saying they're going to use one legal standard here and then another legal standard here when they're analyzing the evidence, that simply is not applying the correct legal standard. They made a specific conclusion that there was a preponderance of evidence in which there was in fact no evidence, even if you exclude Mr. Robinson's evidence. There was no affirmative evidence in this record that Mr. Robinson was capable of securing and following substantial gainful occupations in spite of his service-connected disabilities. Those were factual findings. I understand that, Your Honor, except that that's the legal standard under which the board rendered its decision. At pages 116 to 117, it said that the preponderance of evidence was against a finding that the veteran was unable to obtain or sustain gainful employment. That is not the correct legal standard. The correct legal standard is his ability to secure or follow, and that has to be based upon evidence in the record. There is no evidence, and the board, other than its own unsubstantiated opinion, made a conclusion that he was capable. That capability determination must be based upon evidence, and the key disposition in this case is the board's conclusion that there was a preponderance of evidence against. There is no preponderance of evidence against because there was no evidence that directly related to that issue from any source within the record. No medical opinion, no vocational opinion. There was Mr. Robinson's opinion, and they discounted that. So if there was no evidence, then they should have sent it back for further development to get definitive evidence one way or the other. I'll reserve the balance of my time. Thank you, Mr. Brown. Thank you. Ms. Bond? May it please the Court. We agree with Mr. This is like the third case in the last few months that has come up here where the board has been sloppy about articulating the correct standard. Don't you think maybe it would be good if the board were a little more careful and would save us some litigation along these lines? Respectfully, the board here followed the expressed guidance from the joint motion. Yeah, but it also articulated the incorrect standard. It would be better if they were just a little more careful, wouldn't it? Well, perhaps it would be better if the board recited the entire regulatory language for beta. No, it's just a question of leaving out a key word. It may have been better had the board said substantially gainful employment every time it referenced the standard. It may have been even better than that had the board said secure or follow a substantially gainful employment as a result of service-connected. Maybe you could communicate to them that it would be desirable to be a little more careful about this so we don't have these cases coming up here. Yes, and the VA takes it seriously, and this record shows that because both parties in the decision immediately preceding this 2013 board decision, both parties agreed on a joint motion for remand and agreed on the correct standard to be applied in TDIU. And that's because the prior 2011 board decision, as Mr. Robinson noted, did apply an incorrect standard, whereas here the board had the benefit of following the guidance from the joint motion in which both parties... And it articulated an incorrect standard in some places, right? Well, by my... Yes or no? I don't think there's any need to reach the question of whether gainful is materially different. What I'm asking you is they articulated in some places in this opinion an incorrect standard, right? They articulated a gainful employment... Which is an incorrect standard. It's not referring to the complete substantially gainful, but it's not the case, as Mr. Robinson contends, that gainful... Your attitude about this suggests to me that you're not taking seriously the board's obligation to be careful about it. I think that's important. Certainly. We agree that the board must be careful. And here the board referred by my count to the substantially gainful standard nine times, notably in its crucial findings of fact regarding the veterans' ability to perform truck driving and repair work, both of these occupations, as substantially gainful occupations. So in contrast to this nine times of referring to the substantially gainful standard, the board used the shorthand of gainful employment four times. So really by any metric, the board really was applying the substantially gainful standard. And that's also apparent because the board expressly said that's what it was doing at JA 112. It said it was conducting its entire TDIU analysis, quote, mindful of the guidance from the joint motion. And so the board here was clear, and that's precisely where the veterans' court itself started its analysis in considering the fact that the board was following the joint motion and that it made these correct factual findings. Whether the argument was made before today or not, do you agree that secure and sustained substantially gainful employment is something different that actually requires a showing that he has done it as opposed to capable of doing it? No. To the extent that Mr. Robinson is now arguing that the board's occasional reference to obtain and sustain as opposed to the regulatory language of secure and follow, to the extent that he's arguing that's a meaningful or that's erroneous, the veterans' court did actually address that. I don't think you're understanding the question. The question, he is arguing today that it's not sufficient that he could have done it. What Judge O'Malley is asking you, is he correct in saying the record must show that he did do it? No. There's no requirement that the veteran actually be employed, and one of the cases cited by Mr. Robinson, I believe at page 12 of his opening brief, it's the Van Hoos case, says that, it's a veterans' court case, it says that the question is not whether he was employed or not, it's whether he was, quote, unable to secure or follow, and that's a different question about whether he was in fact employed. You argue in your harmless error section of your brief that the board found that Mr. Robinson was capable of securing and following a substantially gainful employment as a truck driver or a repair worker, and that that finding was never challenged either before the veterans' court or before this court. Your friend on the other side, Mr. Carpenter, seems to disagree with that. He says it was challenged. Well, I read his reply brief as continuing to say that even the standard applied in those areas was incorrect. At pages, I think, four to six of the reply brief, Mr. Robinson is repeating the argument that this is the wrong legal standard and saying generally when the alleged wrong legal standard is used, remand is the appropriate result, and of course, as I mentioned before, we disagree. We think that the correct legal standard was applied, but in any event, the cases that Mr. Robinson is relying on about remand are really distinguishing between remand versus reversal. It's true that in cases of prejudicial error in agency decisions, the best route is to remand for the agency to exercise its discretion, but that doesn't address the question of prejudicial error. So here, even assuming that the court were to find that these occasional references to gainful instead of substantially gainful amounts to an error, all that remains is for this court to apply the correct standard, which everybody agrees on, to this factual finding, which Mr. Robinson never argued to the Veterans Court or to this court that the finding regarding truck driving and repair work was clearly erroneous. These factual findings are undisturbed. However, the best conclusion to draw from these factual findings is that the board, in fact, did what it said it did, that it followed the joint motion guidance. It applied the substantially gainful standard. It made important findings pursuant to that standard, and for that reason, the Veterans Court was correct in saying that the board applied the correct standard for TDIU. Okay. If there are no further questions, we respectfully request. Your Honors, in the Van Hoos case below that was referred to by the government and cited by us in the opening brief, discusses the standard in terms of whether the veteran is capable of performing the physical and mental acts required by employment and not whether or not the veteran is in fact employed. The key in this case is the absence of the word substantially. Substantially is the qualifier in the regulation for the employment, for the substantial gainful occupation in the language of the regulation. The legal standard relied upon by the board below, which they introduced after a remand from the court that told them that they were supposed to be using it. They did not take that remand seriously. They decided to use their own language, and they imposed that language that is counter to that legal standard and imposes a higher burden of any form of employment, and it is not any form of employment. The record is clear that prior to 1996, this veteran did work in those occupations. The question is from 1996 to 2001, was he capable, and where is the evidence in the record to support that conclusion that there is a preponderance of evidence. It comes from the board's use of the wrong legal standard that they only had to look at whether or not he was capable of performing any form of employment, and in so doing, they made a clear legal error which should have been recognized by the court below and should have been remanded for correction to use the correct legal standard. Unless there's further questions. Okay, thank you, Mr. Carpenter. Thank you, Mr. Bond. The case is submitted. Thank you.